### D. C. GALBRAITH V. THE STATE.

*No. 399. Decided May 9.*

**1. Refusal to Render and Swear to Assessment of Property for Taxation— Venue and Jurisdiction of the Offense.**—Where the property liable to taxation was in the unorganized county of G., and G. was attached to the county of S., and as such liable to be assessed for taxes by the assessor of S., and defendant refused when called on by said assessor to render and swear to his assessment, *Held,* that S. County had jurisdiction of the prosecution for the offense (Penal Code, article 113), notwithstanding that, at the time the prosecution was instituted, the county of G. had been by law detached from S. County and attached to the county of B.

**2. Same—Premature Prosecution.**—Before a prosecution under Penal Code, article 113, for refusal to render and swear to assessment of property for taxation, will lie, the provisions of article 4716, Revised Statutes, must have been complied with, which requires the assessor to file with the board of equalization a list of persons so refusing, and upon failure of such persons within a month from the filing of the same to show good reasons for such refusal, requires the said board to present said list to the grand jury, etc. A prosecution instituted before these proceedings have been pursued is premature. Following Mock v. The State, 11 Texas Crim. App., 56.

APPEAL from the County Court of Scurry. Tried below before Hon. BRANCH ISBELL, County Judge.

This was a prosecution in the County Court of Scurry by information which charged, that appellant Galbraith "was the owner of taxable property situated within the State, and was a person required by law to render a list and statement of the taxable property owned and controlled by him as aforesaid on the 1st day of January, A. D. 1893, and was subject to be assessed for said property for said year in said Scurry County, Texas; and on the 27th day of February, A. D. 1893, in said county, J. J. Ward was then and there legally qualified assessor of taxes for said county, called upon the said D. C. Galbraith in person, and demanded of him to make out and render a list of his taxable property for said year, A. D. 1893, and the said D. C. Galbraith did

then and there, when so called upon, unlawfully and willfully refuse and neglect to make out and render a list on the 27th day of February, A. D. 1893, of the taxable property owned and controlled by him as aforesaid on the 1st day of January, A. D. 1893," etc.

The information was filed in the County Court on the 4th of December, 1893. After the defendant had, on the 27th of February, 1893, refused to render his property for taxation to the assessor of Scurry County, to wit, on May 11, 1893, the Legislature passed an act detaching Garza from Scurry County and attaching it to the county of Borden for judicial purposes (Acts Twenty-third Legislature, p. 166), and Garza was attached to Borden County before the information in this case was filed. It was insisted, because Garza was detached from Scurry at the time the prosecution was instituted, that the County Court of Scurry had no jurisdiction to try and determine the cause.

At the trial appellant was convicted, and his punishment assessed at a fine of $20.

The opinion holds, that the prosecution was prematurely brought and without authority of law, because the provisions of article 4716 of the Revised Statutes were not pursued. That article reads: "The assessor of taxes shall furnish the board of equalization, on the first Monday in June of each year, or as soon thereafter as practicable, a certified list of names of all persons who either refused to swear or to qualify, or to sign the oath or affirmation, as prescribed in this title; also a list of the names of those persons who refused to render a list of taxable property as required by this title. And should any person so failing or refusing to take the oath prescribed, or to render a list of their property, or to subscribe to the oath, as required by the provisions of this title, fail to give satisfactory reasons for such failure or refusal, to the board of equalization, within one month from the date of the filing of said list by the assessor, as required by this article, the board of equalization shall return a list of all persons who have failed to give satisfactory reasons for such failure or refusal to render, qualify, or subscribe to the oath or affirmation, as the case may be, to the assessor of taxes, who shall present the said list to the grand jury of his county next impanelled after the board of equalization has furnished him with the list above required."

*Smallwood & Smith*, for appellant.

*R. L. Henry*, Assistant Attorney-General, for the State.

HURT, PRESIDING JUDGE.—This conviction was obtained under the first part of article 113 of the Penal Code, which reads: "If any person shall refuse or neglect to make out and render a list of his taxable property when called upon in person by the assessor of taxes or his

deputy," etc., "he shall be fined in any sum not less than twenty nor more than one thousand dollars." The property of appellant was situated in Garza County, which was attached (at the time the assessor of Scurry called upon him) to Scurry County. When this prosecution was instituted, Garza had been attached to Borden County. Under this state of case, counsel for appellant contend that the prosecution should abate. If appellant, proper demand being made, refused to make out and render a list of his property to the assessor of Scurry, and if article 4716, Revised Statutes, had been pursued, and he had failed to give satisfactory reasons for refusing, then the offense would have been complete, and Scurry County would have jurisdiction thereof, and could have punished him, though, after the prosecution had been commenced, Garza County may have been detached from Scurry and attached to Borden. The authorities cited are not in point. But this prosecution was premature and without authority of law, because article 4716 had not been pursued; and hence the case of Mock v. The State, 11 Texas Criminal Appeals, 56, is directly in point.

· The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Judges all present and concurring.